UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY LACEY,<br><br>        Plaintiff,<br><br>        v.<br><br>MARYJANE GUTHRIE,<br><br>        Defendant | Case No. 1:23-mc-00225-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Plaintiff Larry Lacey commenced this action by filing a motion under

Federal Rule of Civil Procedure 60(b). Within the motion, he asks the Court to

vacate an Idaho state court judgment. Defendant Mary Jane Guthrie moved to

dismiss the action for lack of subject-matter jurisdiction. (Dkt. 2). Mr. Lacey has

not opposed that motion. For the reasons explained below, the Court will grant Ms.

Guthrie's motion and dismiss this case without leave to amend.

## DISCUSSION[1]

On October 6, 2022, Mr. Lacey sued Ms. Guthrie in Idaho state court. The

---

[1] The Court takes judicial notice of all filings in *Lacey v. Guthrie,* Case No. Cv-44-22-0367, filed in the Third Judicial District of the State of Idaho, in and for Washington County. Likewise, the Court takes judicial notice of filings in *Lacey v. Guthrie,* Case No. 51099-2023, filed in the Idaho Supreme Court.

state court dismissed the complaint a few months later. *See Feb. 15, 2023 Memorandum Decision & Order Granting Defendant's Motion to Dismiss; Feb. 15, 2023 Judgment.* Mr. Lacey filed a notice of appeal from the judgment, but the appellate court dismissed the appeal. *See Oct. 5, 2023 Order Dismissing Appeal.* After the state court had entered judgment against him, Mr. Lacey filed his Rule 60(b) motion in this Court. *See* Dkt. 1.

The Court will dismiss this action under the *Rooker-Feldman* doctrine. This doctrine takes its name from a pair of United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "At its core, the *Rooker-Feldman* doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000). The basic idea is that *Rooker-Feldman* applies to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Mr. Lacey's attempt to have this Court overturn the Idaho state court's judgment falls squarely within the *Rooker-Feldman* doctrine—meaning that this Court does not have jurisdiction. Accordingly, the Court will grant the unopposed

motion to dismiss without leave to amend.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 2) is

**DISMISSED.** The Court will enter judgment separately, in accordance with Rule

58.

DATED: December 13, 2023

B. Lynn Winmill
U.S. District Court Judge