UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY LACEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARYJANE GUTHRIE,<br><br>　　　　Defendant. | Case No. 1:23-mc-00225-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Plaintiff Larry Lacey's Motion for Reconsideration (Dkt. 6). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

On October 6, 2022, Mr. Lacey sued Defendant MaryJane Guthrie in state court. The state court ultimately dismissed the complaint. *See Feb. 15, 2023 Memorandum Decision & Order Granting Defendant's Motion to Dismiss*. Mr. Lacey then filed a notice of appeal from the judgment, which the appellate court dismissed. *See Oct. 5, 2023 Order Dismissing Appeal*. After the state court entered judgment against him, Mr. Lacey filed a Rule 60(b) motion in this Court. *See* Dkt. 1. The Court dismissed Mr. Lacey's action, finding that the Court did not have

MEMORANDUM DECISION AND ORDER - 1

jurisdiction. *See Memorandum Decision & Order,* Dkt. 3. Mr. Lacey now asks the Court to reconsider its previous decision. Ms. Guthrie opposes the motion.

## LEGAL STANDARD

A party may request reconsideration of a final judgment (1) by filing a motion to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e), or (2) by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Because Mr. Lacey did not file this motion within 28 days of final judgment, the Court will construe the motion as made pursuant to Rule 60(b). *See Am. Ironworkers & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A court may grant relief from a final judgment or order under Rule 60(b) on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

MEMORANDUM DECISION AND ORDER - 2

*See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) provides for relief for any reason other than those listed in subsections (1) through (5). This last, catch-all provision should only be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks omitted). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute his case." *Id.* (internal quotation marks and alteration omitted).

## ANALYSIS

The Court previously dismissed Mr. Lacey's action under the *Rooker-Feldman* doctrine, finding that this Court did not have jurisdiction. *See Memorandum Decision & Order* at 2, Dkt. 3. Mr. Lacey now asks the Court to reconsider. He does not, however, specify any grounds for relief under Rule 60(b). *See generally Motion*, Dkt. 6. The Court will therefore consider Mr. Lacey's motion under Rule 60(b)(6) – the catchall provision permitting the court to correct a prior ruling for any other reason that justifies relief.

Mr. Lacey contends that Ms. Guthrie contacted the post office and prevented him from receiving notice of a hearing. *See id.* However, there was no hearing in this case. Further, beyond mentioning a hearing, Mr. Lacey does not offer any

**MEMORANDUM DECISION AND ORDER - 3**

evidence of how the alleged interference with his mail impacted his ability to pursue this case. In other words, Mr. Lacey does not demonstrate the type of extraordinary circumstance that would merit relief under Rule 60(b)(6). Therefore, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion for Reconsideration (Dkt. 6) is **DENIED.**

DATED: July 30, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4